UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
AT PHILADELPHIA

| | | |
|---|---|---|
| RUSSELL STOVER<br>91 Ivy Hill Rd.<br>Levittown, PA  19057 | : <br>:<br>: | <br><br>CASE NO. |
| **Plaintiff** | : | JUDGE: |
| vs. | : | MAGISTRATE JUDGE: |
| LOWES COMPANIES, INC. WELFARE PLAN 512<br>1605 Curtis Bridge Rd., TAN7<br>Wilkesboro, NC  28697-2246 | :<br>:<br>:<br>: | <br><br><br>**COMPLAINT** |
| and | : | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON<br>175 Berkeley St.<br>Boston, MA  02117 | :<br>:<br>:<br>: | |
| **Defendants** | | |

Now comes the Plaintiff, Russell Stover, by and through counsel, and for his Complaint hereby states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans.  In this case, Plaintiff, Russell Stover, asserts a claim for group disability benefits available under a Plan provided for the employees of Lowes Companies, Inc. which is known as Lowes Companies, Inc. Welfare Plan 512 (hereinafter referred to as "the Plan"). The Plan and policy documents should be included in the Administrative Record that Defendants file with this Court.   This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

1

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted these avenues of appeal.

## NATURE OF ACTION

3. Plaintiff, Russell Stover, seeks an award of disability benefits, including disability income benefits, pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Lowes Companies, Inc. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff is now disabled, but was an active employee of Lowes Companies, Inc. under the Plan and eligible for benefits as a qualified employee when his medical condition deteriorated and he could no longer work. Venue is proper in the Eastern District of Pennsylvania at Philadelphia because Plaintiff resides in Levittown, Bucks County, Pennsylvania.

5. At all times relevant hereto, the Plan constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7). This claim is for benefits under the foregoing Plan.

6. The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is Liberty Life Assurance Company of Boston (hereinafter "Liberty Life").

## STATEMENT OF FACTS

7. Plaintiff was a full time employee of Lowes Companies, Inc. and actively engaged in employment until February 6, 2011. At that time, he ceased working due to multiple medical conditions, including, but not limited to post-cervical fusion, cervical spondylosis and lumbar disc herniation. He has undergone both cervical (2011) and

lumbar fusion surgeries (2013).  Mr. Stover also suffers from probable celiac disease as well as Crohn's disease.

8.     Plaintiff made an application for benefits upon his departure from work and short-term disability benefits were approved and paid for the time period of February 7, 2011 through May 7, 2011 (90 days).

9.     Long-term disability benefits began on May 8, 2011 and were paid through May 8, 2013 for the inability to perform his job as a "Sales Representative."  On May 9, 2013, the definition of disability changed to the "any occupation" definition of disability, and Mr. Stover was paid through April 7, 2014, under that standard.

10.    Liberty Life issued its first denial of benefits by letter dated April 29, 2014.  This denial was based on Liberty Life not receiving updated medical records from Ashok Thanki, M.D., Mr. Stover's treating physician.

11.    Prior to the April 29, 2014, denial letter, Liberty Life gave the file to Kristin D'Amore, a Liberty Life physician consultant, to review.  Dr. D'Amore agreed that Mr. Stover would not be capable of working while recovering from lumbar fusion surgery in December 2013.  Dr. D'Amore stated, "Following recovery from the upcoming lumbar surgery, review of any medical notes, imaging, procedure notes, physical therapy notes and any additional information regarding the claimant's functioning would be helpful to support ongoing impairment, limitations and restrictions and better address long term work capacity on a full or part-time basis."

12.    Plaintiff submitted an appeal to the April 29, 2014, denial letter, dated October 22, 2014.  This appeal included an extensive appeal letter and updated medical records from several of Plaintiff's physicians.  Plaintiff explained that medical records from Dr. Thanki were trying to be obtained and would be submitted upon receipt.

13.    On appeal, Liberty Life had Plaintiff's file reviewed by two peer review physicians.  The occupational medicine physician who reviewed the file concluded that Mr. Stover would only be restricted from activities of, "heavy or very heavy physical demand level."  He concludes that Mr. Stover *may* be restricted from performing medium

physical level work. The neurosurgeon who reviewed the file provided for a gradual return to work starting with light duty work and increasing that after a 3 month period. He provides restrictions of "lifting no greater than 10-20 lbs. occasionally, no stooping, standing frequently for ½ hour at a time, walking up to one hour and seating for one hour at a time."

14. In response to Mr. Stover's appeal, Liberty Life issued a second denial dated January 30, 2015. Upon receipt of this denial, Mr. Stover thought he had exhausted his administrative remedies, but after review of Liberty Life's letter, it was determined that Mr. Stover had to file yet another appeal to the January 30, 2015, denial letter. Liberty Life explained that Mr. Stover was being denied for a different reason and therefore he was afforded another administrative appeal.

15. On July 27, 2015, Plaintiff, through counsel, submitted an appeal to Liberty Life that included updated medical records and testing. At this time, Plaintiff was still trying to obtain medical records from Dr. Thanki.

16. On October 21, 2015, medical records from Dr. Thanki were finally obtained by Plaintiff's counsel and were immediately sent to Liberty Life for review.

17. Unbeknownst to Plaintiff, Liberty Life had issued a denial letter dated October 16, 2015, which had not arrived to Plaintiff's counsel before the submission of Dr. Thanki's records.

18. By letter dated November 20, 2015, Liberty Life acknowledged receipt of Dr. Thanki's medical records but advised that because these records were submitted after the final denial was issued, that they believed Plaintiff was afforded a full and fair review and Dr. Thanki's records would not be reviewed.

19. The October 16, 2015, denial letter advised Plaintiff had exhausted his administrative remedies and could file a lawsuit.

## **CAUSE OF ACTION**

20. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 19 of the Complaint.

21. Defendant Plan and Liberty Life failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying benefits to the Plaintiff contrary to the law and terms of the Plan. The Plan, through its designated fiduciaries, has arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

22. Defendant Liberty Life has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination. Liberty Life's conflict of interest caused Liberty life to perform an incomplete evaluation of the claimant's evidence and allow for an over reliance on non-examining physicians' opinions and by failing to recognize that the claimant won his Social Security disability benefits under the age of 50.

23. While Defendant Liberty Life, has some authority to make claims determinations under applicable law and the language of the Policy, Liberty Life's determinations as Plan Fiduciary are not entitled to deference because of a faulty or incomplete grant of discretion and the review of any benefits determination must be made *de novo.*

24. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and under principles of separation of powers, amongst others.

25. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Liberty Life's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market

standards employed by Liberty Life in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Third Circuit Court of Appeals and the United States Supreme Court have been violated by Liberty Life and an examination of the record reveals that Liberty Life's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

26. Plaintiff has exhausted his administrative remedies and the Plan still wrongfully denies benefits to which he is entitled.

27. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

28. The disability Plan under which the Plaintiff Russell Stover was a participant at the time of his disability should be included in the Administrative record filed with this Court as that document sets forth the criteria for benefits for the Plaintiff.

29. ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1). Under the terms of this Plan document, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

30. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Russell Stover, prays for the following relief:

A. That the Court enter judgment in Plaintiff Stover's favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Stover in an amount equal to the contractual amount of benefits to which Stover is entitled;

B. That the Court order the Defendants to pay Stover's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter

judgment accordingly and that the Court reserve jurisdiction to enforce its order;

C. That the Court declare Russell Stover's rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff Stover's benefits until such time as the Court decides that he meets the policy conditions for discontinuance of benefits and that this declaration be perfected by an Order of this Court;

D. That the Court grant Plaintiff reasonable access to discovery including the depositions of claim representatives and medical personnel and discovery to support claimant's claims concerning Liberty Life's relationship with the reviewing physicians and vendors used in this case;

E. That the Court award the Plaintiff his attorney fees pursuant to 29 U.S.C. § 1132(g) and;

F. That Plaintiff recovers any and all other relief to which he may be entitled, as well as the costs of the suit.

Dated this 16th day of March, 2016.

Respectfully submitted,

*/s/ Joseph P. McDonald*

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd., Suite A
Dayton, OH  45458
Tel: 937-428-9800; Fax: 937-428-9811
Email: joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Russell Stover